# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA LOAN SERVICES, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>PHILIP F. KENNEDY, DANA L. KENNEDY, DOES 1–5,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 10-CV-0549<br><br>**ORDER (1) GRANTING MOTION TO REMAND AND (2) DISMISSING MOTION TO CONSOLIDATE CASES**<br><br>(Doc. Nos. 3, 8.) |

Presently before the Court is Plaintiff Aurora Loan Services LLC's motion to remand case to state court. (Doc. No. 3.) Also before this Court is Defendants Philip F. Kennedy and Dana L. Kennedy's ("Defendants") motion to consolidate cases. (Doc. No. 8.) For the reasons stated below, the Court **GRANTS** Plaintiff's motion to remand and **DISMISSES** Defendants' motion to consolidate cases.

## BACKGROUND

Plaintiff filed an unlawful detainer action against Defendants in the Superior Court of California for the County of San Diego on February 11, 2010. (Doc. No. 1 at Appendix 3.) Soon thereafter, Defendants filed a notice of removal in federal court. (*Id.* at 1.) Plaintiff filed the motion to remand on May 12, 2010. (Doc. No. 3.) And finally, Defendants filed the motion to consolidate cases on August 19, 2010. (Doc. No. 8.)

## MOTION TO REMAND

**I.     Legal Standard**

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. §1441(a). However, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

**II.     Analysis**

The pleadings in this case require a discussion of both federal question jurisdiction and diversity jurisdiction. Each will be discussed in turn.

Defendants' notice of removal alleges that the district court has jurisdiction because the Defendants' "rights to due process of law were denied." (Doc No. 1 at 2.) This can only be construed as requesting removal under federal question jurisdiction.

To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's complaint. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 US 826, 830 (2002). The Court does not consider the defendant's answer, defenses, or counterclaims. *Id.* 831. In this case, Plaintiff's underlying claim is an unlawful detainer action filed under California state law. (Doc. No. 1 at Appendix 3.) Defendants do not contest this and state only that their due process rights were denied. Even assuming that these allegations are true, the allegations cannot be taken into consideration for determining whether removal is appropriate. Consequently, there is no federal question basis for removal.

Defendants make a claim for diversity jurisdiction in their opposition to the motion to remand. (Doc. No. 4.) Diversity jurisdiction requires that the plaintiffs and defendants be of different citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. Defendants claim that diversity jurisdiction exists because Plaintiff is a "foreign limited liability company" domiciled in Delaware and the value in controversy exceeds $75,000. (Doc. No. 4 at

2.) Plaintiff's complaint indicates, however, that the amount demanded does not exceed $10,000. (Doc. No. 1 at Appendix 3.) Because one of the two requirements for diversity jurisdiction is not met, there is no diversity jurisdiction basis for removal.

### III. Conclusion

Defendants fail to establish that this Court has subject matter jurisdiction over the matter. A look at Plaintiff's complaint indicates that there is no federal question and that the amount in controversy is not more than $75,000. Consequently, Plaintiff's motion to remand is **GRANTED**.

### MOTION TO CONSOLIDATE CASES

Because this Court does not have jurisdiction to review the present action, Defendants' motion to consolidate is **DISMISSED**.

### CONCLUSION

For the reasons stated above, the Court **HEREBY GRANTS** Plaintiff's motion to remand. The Court further **DISMISSES** Defendant's motion to consolidate.

**IT IS SO ORDERED**.

DATED: September 17, 2010

*Janis L. Sammartino*
**Honorable Janis L. Sammartino**
**United States District Judge**